IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-17-RLV-DCK

| | |
|---|---|
| SHURTAPE TECHNOLOGIES, LLC, )<br>AND SHURTECH BRANDS, LLC )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>3M COMPANY, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion to Compel Supplementation of Patent Disclosures" (Document No. 29). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the motion to compel will be **denied**.

## I. PROCEDURAL BACKGROUND

Plaintiffs Shurtape Technologies, LLC, and Shurtech Brands, LLC, (collectively "Shurtape") filed this action on February 22, 2011 against Defendant 3M Company ("3M"), asserting various claims arising from 3M's alleged patent infringement, trademark infringement, false designation of origin, and unfair and deceptive trade practices. (Document No. 1, pp.12-17). The Court entered a "Claim Construction Scheduling Order" (Document No. 27) on July 7, 2011, setting a claim construction discovery deadline of January 16, 2012. Pursuant to the scheduling order, Shurtape served its "Initial Infringement Contentions" (Document No. 30-1) on 3M on August 8, 2011. 3M's Initial Invalidity Contentions are currently due October 6, 2011, and the parties are currently to exchange terms for claim construction by October 27, 2011. (Document No. 27, p.1).

3M filed its "Motion to Compel Supplementation of Patent Disclosures" (Document No. 29)

on September 1, 2011, accompanied by a "Brief In Support . . ." (Document No. 30).  Shurtape filed a "Memorandum in Opposition . . ." (Document No. 42) on September 19, 2011.  On September 22, 2011, 3M filed its "Reply In Support Of Its Motion To Compel . . ." (Document No. 43).  Having been fully briefed, this motion is now ripe for disposition.

## II.  DISCUSSION

The issue before the Court is whether Shurtape's "Initial Infringement Contentions" comply with Local Patent Rule ("P.R.") 3.1, and if not, whether the Court should compel Shurtape to supplement its initial disclosures.  The parties assert that the interpretation of this rule is one of first impression in this district. (Document Nos. 30, 42). The Western District recently adopted the Local Patent Rules in an effort to streamline patent cases and make their litigation more efficient.  The Rules mirror local patent rules adopted by other district courts across the country, including the Northern District of California and the Eastern District of Texas.

P.R. 3.1 requires that "a party claiming patent infringement . . . serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions'" no later than thirty days after the entry of the Court's scheduling order.  More specifically, P.R. 3.1(c) requires that the claimant serve on all parties:

> A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

It is in the drafting of this chart that 3M asserts Shurtape has particularly failed to comply with the rules.

3M argues that Shurtape's Initial Infringement Contentions do not comply with P.R. 3.1's requirement that the contentions must be specific, going beyond that provided by the mere language

2

of the patent, and allowing the parties to crystallize their theories of the case early in the litigation. (Document No. 30, pp.1, 5-6). Instead of doing so, 3M argues that Shurtape's infringement contentions "do little more than parrot back the asserted claim language and provide arrows to generic components of 3M's accused painters tape . . . Thus, 3M is left entirely to guess at Shurtape's infringement theories." (Document No. 43, p.2). 3M asks the court to compel Shurtape to amend its disclosures, "including setting forward a detailed explanation as to why 3M's accused products allegedly have the 'absorbent' edge coating required by the claims." (Document 30, p.8).

By contrast, Shurtape argues that "its infringement contentions are fully compliant with the letter and spirit" of the Local Patent Rules. (Document No. 42, p.5). As Shurtape understands the Rules, infringement contentions serve a notice function and "need not be incontrovertible" or "presented in excruciating detail." (Id., p. 3). Shurtape argues that it has amply complied with P.R. 3.1's requirements, given that its initial infringement charts "include all 15 asserted claims, all product materials of which Shurtape is presently aware, photographs annotated with arrows and text identifying the infringing structures, and exhibits from 3M's own website." (Id., p.5). Beyond this, Shurtape does not believe there is any requirement that it "disclose specific evidence or the basis and reasons of its infringement case." (Id., p.7).

In general, the purpose of preliminary infringement contentions is to provide defendants with notice of infringement beyond the claim language itself. Shared Memory Graphics LLC v. Apple, Inc., 2010 WL 5477477, at *3 (N.D. Cal. Dec. 30, 2010); Whipstock Servs., Inc. v. Schlumberger Oilfield Servs., 2010 WL 143720, at *1 (E.D. Tex. Jan. 8, 2010). Thus, while Rule 3.1 does not "require the patent holder to produce evidence of infringement," the patent holder "must map specific elements of Defendant's alleged infringing products onto the Plaintiff's claim construction." Shared Memory, 2010 WL 5477477, at *3 (citing Samsung SDI v. Matsushita Elec. Indus. Co., 2006

3

WL 5097360, at *4 (C.D. Cal. July 10, 2006)).

It is equally important, however, to distinguish the requirements of initial infringement contentions from later stages in litigation. For example, the scope of infringement contentions and export reports are not co-extensive. See Fenner Invs., Ltd. v. Hewlett-Packard Co., 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Infringement contentions "need not disclose specific evidence nor do they require a plaintiff to prove its infringement case, whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them." Id. at *2 (internal citations omitted). Similarly, infringement contentions are not the correct stage to "pre-try the case . . . by conducting a highly detailed and rigorous analysis of the *preliminary* claim infringement contentions." STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004).

The Court has reviewed the chart Shurtape disclosed as part of its duty under P.R. 3.1 and concludes that it minimally satisfies the Local Patent Rules. It is true that Shurtape's contentions often parrot the claim language. However, Shurtape's disclosure identifies the claims at issue, as well as the offending products, by name and product number. In addition, Shurtape's chart matches up the accused painter's tape and specifically lists each claim and explains where on 3M's painter's tape each element of the claim is found. See (Document No. 30-1, pp.25-46). At this stage, providing such information and mapping specific elements of 3M's allegedly infringing painter's tape onto Shurtape's claim is adequate to put 3M on notice and allow 3M to defend its product. See Samsung, 2006 WL 5097360, at *2; Network Caching Tech., LLC v. Novell, Inc., 2003 WL 21699799, at *5 (N.D. Cal. Mar. 21, 2003).[1]

---

[1] The Court also notes that Shurtape has complied with P.R. 3.1(c) to the extent that it requires the patent holder to identify "the structure(s), act(s), or material(s) in the Accused Instrumentality that

4

3M also argues that Shurtape has failed to adequately allege any basis for contending that 3M's painter's tape coating is absorbent, rendering the preliminary disclosures "useless." (Document No. 43, p.2). While this argument may form the basis for later motions practice, this is not the time for the Court to make a decision on the merits of the case. See Shared Memory, 2010 WL 5477477, at *3. In addition, 3M is welcome to re-raise sufficiency later in the case, if "more specific information becomes available through discovery" and additional specificity becomes "appropriate to provide adequate notice of the accused processes or methods." Whipstock, 2010 WL 143720, at *2.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Compel Supplementation of Patent Disclosures" (Document No. 29) is **DENIED**.

Signed: October 6, 2011

David C. Keesler
United States Magistrate Judge

---

performs the claimed function" for "each element that such party contends is governed by 35 U.S.C. § 112(6)." In Shurtape's infringement contentions, it states that it "does not believe that any asserted claim limitation is governed by 35 U.S.C. § 112(6)." (Document No. 30-1, p.2). Thus, none of these more specific disclosures are required at this time.