**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:11-CV-17-RLV-DCK**

SHURTAPE TECHNOLOGIES, LLC AND SHURTECH BRANDS, LLC,

Plaintiffs,

v.

3M COMPANY,

Defendant.

**PROTECTIVE ORDER**

This matter is before the Court upon Joint Motion of the Parties for entry of a protective order. The Joint Motion attaches a Proposed Protective Order which contains alternative submissions by the Parties with respect to Paragraph 4.1. After consideration of the Joint Motion, the Proposed Order, the alternative submissions of the Parties, and the respective Memoranda of the Parties, it is ORDERED as follows:

1. PURPOSE

This action will involve discovery of information that is confidential, proprietary, commercially sensitive, or trade secret. The purpose of this Protective Order is to govern the production of such information without frequent resort to determinations of discoverability by the Court and to protect such information from improper or premature disclosure. In addition, this Protective Order provides a mechanism for non-parties to protect any confidential, proprietary, commercially sensitive, or trade secret information from public disclosure.

2. DEFINITIONS

2.1. Discovery Material: "Discovery Material" means any information, document or tangible thing produced in this action, including information provided in response to discovery requests, interrogatories, requests for production, requests for admission, subpoena, subpoena duces tecum, deposition, and including any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit or other means.

2.2. Party: "Party" or "Parties" means the plaintiffs and defendant in this action, including their directors, officers, employees, agents, attorneys or representatives.

2.3. Producing Party: "Producing Party" means a person or entity, whether or not a Party to this action, that produces or otherwise makes available Discovery Material in this action.

2.4. Receiving Party: "Receiving Party" means a Party to this action, including without limitation all directors, officers, employees, agents, attorneys or representatives of the Party, that receives Discovery Material from a Producing Party.

2.5. Confidential: A Producing Party may designate as "Confidential" those materials which the Producing Party believes in good faith constitute or contain confidential, proprietary and/or commercially sensitive information, which information is not generally known and which the Producing Party would normally not reveal to a third party or if disclosed would require such third party to maintain the information in confidence.

2.6. Highly Confidential: A Producing Party may designate as "Highly Confidential" any confidential, proprietary, commercially sensitive and/or trade secret information which that party in good faith believes it would not reveal to a third party and is so highly sensitive that the

protections afforded to Confidential information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, or other business information, trade secrets or know-how.

2.7. Protected Material: "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential" in accordance with this Protective Order, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

2.8. Trial Counsel: "Trial Counsel" means outside trial counsel for the Parties who have made an appearance before the Court in this action, including attorneys, secretaries, legal assistants, and other support personnel who work for the same law firm, to whom it is necessary to disclose Protected Material for the purpose of this action, currently:

> K&L Gates LLP, Trial Counsel for Plaintiffs Shurtape Technologies, LLC and ShurTech Brands, LLC[1]; and
>
> The Van Winkle Law Firm and Finnegan Henderson Farabow Garrett & Dunner, LLP, Trial Counsel for Defendant 3M Company.

---

[1] Mr. Karl Sawyer, Esq. of K&L Gates LLP shall not be considered Trial Counsel in this matter and is not entitled to receive Protected Material of 3M or any Producing Party under this Protective Order. Mr. Sawyer engages in Prosecution Activity on behalf of Plaintiffs in the field of painters' masking tape. Mr. Sawyer has agreed to withdraw his appearance in this action, so that he may continue his Prosecution Activity in the field of painters' masking tape. Plaintiff Shurtape, including its Trial Counsel, will not disclose Protected Material of 3M or any Producing Party to Mr. Sawyer, and shall undertake sufficient precautions to prevent Mr. Sawyer from having access to such information. Should Defendant 3M or any other Producing Party inadvertently forward Protected Material to Mr. Sawyer, such disclosure itself shall not require Mr. Sawyer to adhere to the requirements of paragraph 4.3, and Mr. Sawyer agrees to immediately notify Plaintiffs and Defendants of such disclosure, and agrees to delete or destroy such information without studying it in detail. Nothing herein shall prevent Mr. Sawyer from receiving Protected Material of Plaintiffs.

2.9. Expert: "Expert" means any consultant retained by either Party to advise or to assist Trial Counsel in the preparation, resolution or trial of this action.

3. DESIGNATION OF PROTECTED MATERIAL

3.1. The Producing Party shall clearly mark each page of Discovery Material that the Producing Party contends constitutes Protected Material on its face with the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" together with a letter or letters identifying the Producing Party or other comparable notice. Additional information, such as the case name and number, also may be used.

3.2. Discovery Material produced in a media that cannot be marked on each page (e.g., videotape, audiotape, etc.) may be designated as Protected Material by clearly labeling the outside of such media with the appropriate legend.

3.3. Discovery Material provided for inspection, such as a Producing Party's facilities or manufacturing processes, and any documents or things produced or generated in connection with such inspection (including, but not limited to, notes, recordings, or photographs of the facilities or processes), shall be deemed HIGHLY CONFIDENTIAL material of the Producing Party, and shall be marked and treated as such.

3.4. Designations of Protected Material: In the event that a Receiving Party includes Protected Material of a Producing Party in any pleading or other document, the Receiving Party shall label such pleading or other document with the highest designation provided by the Producing Party for that Protected Material and file the same under seal, as specified in Section 8, below. Any public versions of the pleading or other document shall completely redact the Producing Party's Protected Material.

4. <u>ACCESS TO PROTECTED MATERIAL</u> -

4.1. <u>Access to Highly Confidential Information</u>:

The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated Highly Confidential in accordance with this Protective Order to the following individuals, who may use it solely in this action:

(a) Trial Counsel as defined above;

(b) the following in-house counsel, and any paralegals and legal support personnel in a Party's legal department reasonably necessary to assist them in this litigation, provided such in-house counsel, paralegals and legal support personnel execute the Acknowledgment under section 6.1 of this Order:

For 3M: Hildy Bowbeer and Kevin Rhodes

For Shurtape: [Shurtape has no in-house counsel];

(c) court reporters and videographers;

(d) graphics, translation, or design services who have been retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so;

(e) jury or trial consulting services, including mock jurors, who have been retained by counsel for purposes of this action and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so;

(f) litigation support vendors such as document reproduction services, computer imaging services, commercial copy vendors, contract document reviewers, and computer forensic

vendors, who have been retained by counsel for purposes of this action and have been informed of the requirement to maintain these documents as Protected Material and have agreed to do so;

(g) any person who authored or previously received the Protected Material;

(h) Experts cleared to receive Protected Materials under section 7 of this Order;

(i) the Court and its support personnel;

(j) members of the jury; and

(k) any other persons agreed to in writing by Trial Counsel for the Parties or as otherwise ordered by the Court.

4.2. Access to Confidential Information: The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated Confidential in accordance with this Protective Order to

(a) the individuals authorized to have access to Highly Confidential materials under Section 4.1;

(b) four Party representatives, *e.g.*, a corporate officer, in-house counsel, or other employee, who may use it solely in this action, provided such Party representatives execute the Acknowledgment under section 6.1 of this Order; and

(c) any other persons agreed to in writing by Trial Counsel for the Parties or as otherwise ordered by the Court.

4.3. Notwithstanding anything else in this Protective Order, any person receiving any of a potentially competing Producing Party's Highly Confidential information of a technical nature shall not, for a period commencing upon receipt of such information and ending three years following the certification of destruction pursuant to paragraph 18, engage in any

Prosecution Activity on behalf of or for the benefit of the Receiving Party involving claims relating to any painters' masking tape. For purposes of this paragraph, Prosecution Activity shall mean to: (1) prepare and/or prosecute or assist in preparing or prosecuting any patent application or portion thereof, whether design or utility, whether in the United States or abroad, on behalf of the patentee or assignee of such patent application; (2) prepare or assist in preparing patent claim(s) on behalf of the patentee or assignee of such patent application. For the avoidance of doubt, Prosecution Activity shall not include participation in patent opposition, reissue, or reexamination proceedings, regardless of whether such participation is on behalf of the patentee or a party challenging a patent. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney or patent agent who receives Highly Confidential information and shall not be imputed to any other persons or attorneys at the attorney's law firm or company.

5. CUSTODY OF PROTECTED MATERIAL

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a Receiving Party (1) from making working copies, abstracts, digests and analyses of Protected Material for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Material, or (2) from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that

Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

6. PARTY REPRESENTATIVES

6.1. Protected Material may be shared with Party representatives, *e.g.*, a corporate officer, in-house counsel, or other employee, to the extent, and only to the extent, provided under section 4 above upon providing the other Party with a copy of the Acknowledgment attached as Appendix A executed by such Party representatives.

6.2. In the event Trial Counsel for a Receiving Party finds it necessary to make a disclosure of Protected Material to individuals other than the persons identified in paragraph 4.1 (for Highly Confidential information) or 4.2 (for Confidential information), Trial Counsel for the Receiving Party must serve written notice on Trial Counsel for the Producing Party in advance of any disclosure including: (I) the Protected Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and employer of the person(s) to whom such disclosure is requested. Unless the Producing Party approves the disclosure, no disclosure will be made without an order of the Court. If approval is provided by the Producing Party, or if an order of the Court permits the disclosure, Trial Counsel for the Receiving Party must, prior to such disclosure, inform the individual to whom the Protected Material is to be disclosed of the terms of this Protective Order, and have the individual agree to the terms of this Protective Order in writing by executing the Acknowledgment attached as Appendix A, the executed Acknowledgment to be served on Trial Counsel for the Producing Party prior to any disclosure.

7. EXPERTS

7.1. Each Receiving Party may designate Experts to receive Protected Material of a Producing Party. A Party desiring to disclose Protected Material to an Expert shall serve written notice on the other Party no later than five (5) business days prior to any disclosure. Written notice shall include (a) the Acknowledgment attached as Appendix B, signed by the Expert, (b) the curriculum vitae of the Expert, including information on educational background beyond high school and all professional employment by employer, position, time period, and location, (c) disclosure of any previous or current relationship with any of the Parties, any current or former assignee of any patent-in-suit, and any inventor(s) of any patent-in-suit, and (d) any previous or current relationship with others in the field of pressure sensitive adhesive tape products.

7.2. No Protected Material shall be disclosed to the Expert by the Receiving Party until after the expiration of the foregoing notice period. Consent to the disclosure of Protected Material to a proposed Expert may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of that Party's or any third party's Protected Material to the Expert, except by further order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting party shall move the Court within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to file a motion within the ten (10) business day period shall operate as an approval of the disclosure. The Parties agree to

cooperate in good faith to shorten the time frames set forth in this paragraph and/or the briefing schedule to the Court if necessary to abide by any discovery or briefing deadlines.

7.3. The disclosure of an Expert under this paragraph shall not commit a Party to identifying or utilizing that person as an expert or witness at trial, nor shall it give the other Party the right to comment on the absence of that person as a witness at trial. A non-testifying expert consultant who would not otherwise be subject to deposition does not become subject to deposition solely because he or she is disclosed pursuant to this paragraph.

8. FILING PROTECTED MATERIAL WITH THE COURT

In the event that any Protected Material is included with, or the contents of any Protected Material are in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court, the Protected Material shall be filed and kept under seal by the Clerk until further order of this Court, provided that the complete unredacted documents are furnished to the Court and Trial Counsel for the Parties. Pursuant to Local Rule 6.1(B), Protected Material may be filed under seal pursuant to this Protective Order without formal motion or further order of the Court. No sealed envelope shall be opened by anyone other than Court personnel, absent an order from the Court identifying by name the person or persons who may have access to the sealed material and specifically designating which portions of the sealed file may be revealed.

9. INADVERTENT PRODUCTION

9.1. If a Producing Party through inadvertence produces Protected Material without designation in accordance with this Protective Order, the Producing Party may give written notice to the Receiving Party that the information produced is deemed Confidential or Highly

Confidential and the information shall be treated as such in accordance with this Protective Order. Any such written notice shall be accompanied or promptly followed by a replacement production containing properly designated documents. The Receiving Party shall treat such information with the noticed level of protection from the date notice of the error is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information, shall not be deemed a violation of this Protective Order.

9.2. In the event that a Producing Party inadvertently produces information that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, the Producing Party shall promptly, upon discovery of such inadvertent disclosure, inform the Receiving Party and request that the item or items of information be destroyed, and no party to this action shall thereafter assert that such inadvertent production waived any privilege or immunity. Upon such notice by the Producing Party, the Receiving Party shall promptly destroy all copies of the inadvertently produced information. Within ten (10) business days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed to be a waiver of any privilege held by the Producing Party. Nothing in this paragraph shall prevent the Receiving Party from challenging in Court the designation of the privilege after the inadvertent production of documents in the possession of Receiving Party has been destroyed, and/or from seeking

production of any such documents or information in accordance with the Federal Rules of Civil Procedure.

10. Testimony Regarding Protected Material

Subject to the provisions this Protective Order:

(a) A Producing Party or present employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party;

(b) A former employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party which pertains to the period or periods of his or her employment;

(c) To the extent a Producing Party produces Protected Material relating to a third party, (I) the third party or present employee of the third party may be examined concerning all such Protected Material and (ii) a former employee of the third party may be examined concerning all such Protected Material which pertains to the period or periods of his or her employment.

(d) An Expert of either Party may be examined concerning all Protected Material, except that the rules for disclosure of the Protected Material shall be governed exclusively by paragraph 7 above;

(e) For any other person not permitted to access Protected Material under paragraph 4.1 (for Highly Confidential information) or 4.2 (for Confidential information), a Receiving Party wishing to examine that person about Protected Material of any other Producing Party must follow the procedure set forth in paragraph 6.2.

11. Designation of Transcript

Any transcript containing Protected Material not previously designated shall be designated as containing such information within one month of receipt of the official transcript by the Producing Party. Absent such designation, the transcript shall not be subject to this Protective Order.

12. REQUEST FOR PRODUCTION IN UNRELATED LEGAL PROCEEDINGS

In the event any Receiving Party receives from or on behalf of a non-party a subpoena or other process or order to produce Protected Material in another unrelated legal proceeding, such Receiving Party shall: (a) notify the Producing Party; (b) furnish the Producing Party with a copy of said subpoena or other process or order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party shall have the burden of defending against such subpoena, process, or order. The Receiving Party receiving the subpoena or other process or order shall cooperate with the Producing Party seeking an order modifying or quashing the subpoena or other process or order.

13. DESIGNATION NOT DETERMINATIVE OF STATUS

There is no obligation to challenge the propriety of a Confidential or Highly Confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge to the designation. All challenges by a Receiving Party to the propriety of a designation shall be made in writing to the Producing Party whose rights are affected, such writing to identify with specificity the material challenged. Within five (5) business days of such a challenge, the Producing Party shall respond to the challenge, substantiating the basis for the designation in writing, or waiving the protections of this Protective Order with respect to the challenged information. Any challenges shall be resolved in good faith on an informal basis if possible. If

the challenge cannot be resolved between the Parties, the Receiving Party may seek appropriate relief from the Court. At all times, the Producing Party shall bear the burden of establishing the appropriateness of the Protected Material designation.

14. NON-PARTY USE OF THIS PROTECTIVE ORDER

A non-party who produces Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Confidential or Highly Confidential pursuant to the terms of this Protective Order. Any Party seeking to challenge the designation of non-party information as Confidential or Highly Confidential, or who is seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its information as designated.

15. RIGHT TO FURTHER RELIEF:

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

16. AMENDMENT

This Protective Order may be amended only where Trial Counsel for all Parties file a Joint Motion to Amend Protective Order that is subsequently granted by the Court, or by other order of the Court.

17. RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery

Material, whether during discovery, hearing, or trial, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

18. FINAL DISPOSITION

Within two months after final termination of this action including any appeals, or within one month after the time for appeal has expired:

a) each Party shall assemble all Protected Material furnished and designated by any other Party, including Protected Material provided to Experts, and shall destroy the Protected Material and provide a certificate of destruction to the Producing Party. Said certificate shall also provide assurance that no steps will be taken at any time in the future to restore deleted Protected Material, and that any inadvertent violation of this assurance and steps taken to remedy it will be promptly reported to the other party. The deletion required under this paragraph shall not require deletion from backup tapes provided such backup tapes (1) were not created for the purpose of maintaining Protective Material beyond the time period allowed by this section, and (2) are not otherwise periodically purged in the ordinary course of business. Notwithstanding the foregoing, Trial Counsel for each party shall be entitled to retain a copy of all pleadings, motion papers, legal memoranda, correspondence and work product, and,

b) the Clerk of Court is authorized to release possession of any Protected Material FILED UNDER SEAL to counsel for the filing Party, or, after expiration of the time limitations set forth at the beginning of this Paragraph,

to destroy any Protected Material filed under seal that has not been retrieved by the filing Party.

19. TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

20. COURT'S ENTRY OF THE PROTECTIVE ORDER

Upon signature by both Parties to the Protective Order and before the Court enters the Protective Order, the Parties agree to exchange information designated Confidential and Highly Confidential based on the terms provided herein. The Parties also agree that such information will not be made available to any Party representatives, including corporate officers, in-house counsel, or other employees, prior to the date that the Court rules upon the Parties' differing proposals for sections 4.1 and 4.2. The Parties further agree that should the Court alter the terms of the Protective Order affecting what material may be designated as Confidential and/or Highly Confidential, any previously disclosed Protected Material affected by the altered terms shall not be subsequently disclosed to anyone not authorized under the altered terms to view such material, or under Patent Local Rule 2.2, absent agreement by the Parties on the treatment of the Protected Material implicated by any such alterations or absent further order of the Court.

**SO ORDERED**.

Signed: October 13, 2011

David C. Keesler
United States Magistrate Judge

APPENDIX A

CONFIDENTIALITY AGREEMENT

I, ________________________________, hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the U.S. District Court for the Western District of North Carolina captioned *Shurtape Technologies, LLC and ShurTech Brands, LLC v. 3M Company* (5:11-cv-00017-RLV-DCK);

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms;

(iv) I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party or Stipulating Third Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and

(vi) I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Western District of North Carolina for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:____________________________

______________________________________
Signature

______________________________________
Name

______________________________________
Present Employer

______________________________________
Title/Occupation

______________________________________
Address

______________________________________
City State Zip

______________________________________
Telephone Number

APPENDIX B

CONFIDENTIALITY AGREEMENT
(For Experts)

I, __________________________, hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the U.S. District Court for the Western District of North Carolina captioned *Shurtape Technologies, LLC and ShurTech Brands, LLC v. 3M Company* (5:11-cv-00017-RLV-DCK);

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv) I certify that I am not a competitor to any Party, or a consultant for, or employed by, such a competitor with respect to the specific subject matter of this case;

(v) I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party or Stipulating Third Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and

(vi) I irrevocably submit my person to the jurisdiction of the District Court for the Western District of North Carolina for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:____________________________ ______________________________________

Signature

______________________________________

Name

______________________________________

Present Employer

______________________________________

Title/Occupation

______________________________________

Address

______________________________________

City State Zip

______________________________________

Telephone Number