FILED
STATESVILLE, N.C.

SEP 16 2013

U.S. District Court
Western District of N.C.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| SHURTAPE TECHNOLOGIES, LLC AND SHURTECH BRANDS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY,<br><br>Defendant. | Civil Action No. 5:11-cv-00017-RLV-DCK<br><br>**JOINT STIPULATION TO DISMISS AND CONSENT JUDGMENT** |

This matter is before the Court upon presentation of a proposed Joint Stipulation to Dismiss and Proposed Consent Judgment ("Dismissal With Prejudice and Consent Judgment") submitted by the parties. The parties having agreed upon resolution of this matter, having considered the facts and applicable law, and having agreed to the entry of this Dismissal With Prejudice and Consent Judgment, the Court makes the following

### FINDINGS OF FACT:

1. Plaintiff Shurtape Technologies, LLC ("Shurtape") is a company organized and existing under the laws of the State of North Carolina and has its principal place of business at 1506 Highland Ave. NE, Hickory, North Carolina 28601;

2. Plaintiff ShurTech Brands, LLC ("ShurTech Brands") is a company organized and existing under the laws of the State of North Carolina and has its principal place of business at 32150 Just Imagine Dr., Avon, Ohio 44011. Shurtape and ShurTech Brands are referred to collectively as "Plaintiffs";

3. 3M Company ("3M" or "Defendant") is a Delaware corporation having its principal place of business at the 3M Center, St. Paul, Minnesota 55133-3427;

4. On February 22, 2011, Plaintiffs filed this action for patent infringement of United States Patent No. 6,828,008 ("the '008 patent"), trademark infringement, and unfair and deceptive trade practices against Defendant and filed a First Supplemental Complaint on August 2, 2012;

5. On May 6, 2011, Defendant filed its Answer, Motion, and Counterclaims to Plaintiffs' Complaint and on August 17, 2012, Defendant filed its Answer to Plaintiffs' First Supplemental Complaint, both denying infringement and asserting affirmative defenses and counterclaims that each claim of the '008 Patent *(i.e.,* claims 1-28) was invalid;

6. The parties agree this Dismissal With Prejudice and Consent Judgment is final and expressly waive their rights to appeal or otherwise move for relief from this Consent Judgment; and

7. The parties hereby consent and agree to entry of this Consent Judgment without further notice and waive service thereof.

Based on the foregoing FINDINGS OF FACT the Court makes the following

## CONCLUSIONS OF LAW:

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, an action for trademark infringement and false designation of origin arising under the Lanham Action, Title 15 of the United States Code, and common law, and for unfair and deceptive trade practices arising under the laws of the several states, including the North Carolina Unfair and Deceptive Trade Practices Act., N.C. Gen. Stat. 75-1.1 *et seq.,* and common law;

9. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has subject matter jurisdiction over the state claims pursuant to 28 U.S.C. §§1338(b) and 1367(a);

10. This Court has personal jurisdiction over the parties; and,

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

Based on the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is ORDERED, ADJUDGED and DECREED as follows:

1. Judgment as to the validity and enforceability of each and every claim of the '008 patent is granted in favor of Plaintiffs;

2. This Consent Judgment Order is intended and shall constitute, for purposes of 35 U.S.C. § 317(b) (the pre-September 16, 2011 version applicable in this matter), a final, enforceable and not appealable decision that Defendant has not sustained its burden of proving the invalidity of any patent claim in suit, with the validity of all claims (1-28) of the '008 Patent having been in suit.

3. The parties' other claims and counterclaims, including but not limited to Plantiffs' claims of infringement, are dismissed with prejudice; and,

4. Each party shall bear its own costs and attorneys' fees.

THIS, the 16th day of September, 2013.

Honorable Richard L. Voorhees
United States District Court Judge

3

CONSENTED TO AND RESPECTFULLY SUBMITTED SEPTEMBER 13, 2013:

| NEXSEN PRUET | THE VAN WINKLE LAW FIRM |
|---|---|
| /s/ Christopher C. Lam | /s/ Larry McDevitt (with permission) |
| Christopher C. Lam | Larry McDevitt |
| North Carolina Bar No. 28627 | NC Bar No. 5032 |
| The Carillon Building | 11 N. Market Street |
| 227 West Trade Street, Suite 1550 | Asheville, North Carolina 28801 |
| Charlotte, North Carolina 28202 | Tel: (828) 258-2991 |
| Tel: (704) 339-0304 | Fax: (828) 257-2767 |
| Fax: (704) 338-5377 | lmcdevitt@vwlawfirm.com |
| Clam@nexsenpruet.com | |

Of Counsel:
Tara C. Clancy *(pro hac vice)*
Christopher Centurelli *(pro hac vice)*
Andrea B. Reed *(pro hac vice)*
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

*Counsel for Plaintiffs Shurtape Technologies, LLC and ShurTech Brands, LLC*

Of Counsel:
Michael A. Morin *(pro hac vice)*
Douglas A. Rettew *(pro hac vice)*
Mark J. Feldstein *(pro hac vice)*
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Counsel for Defendant 3M Company*